

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALC/DCP/LHE/PTH
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 19, 2019

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Daniel Small et al.
                   Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

        The government respectfully writes in connection with the Court's order directing the government and counsel for the defendants Daniel Small and Jeffrey Shulse to confer and advise the Court by July 23, 2019 "of their positions regarding the scheduling of their trial" in the above-captioned case (the "Order"). See Order dated July 9, 2019. Because the Court's Order appeared to refer to one "trial," the government respectfully seeks clarification from the Court regarding whether Small and Shulse will be tried together or separately. (The government will file a separate letter, in compliance with the Order, on or before July 23, 2019 relating solely to trial scheduling.)

        The government respectfully submits that conservation of judicial and prosecutorial resources strongly favors trying Small and Shulse together. See Tr. of Apr. 9, 2018 Status Conference at 22 (suggestion by the Court that more than two trials in this case would be untenable). As the Court is aware, due to circumstances out of the parties' control, Small was not, as originally ordered by the Court, tried together with his co-defendants Mark Nordlicht, David Levy and Joseph SanFilippo. Despite a substantial adjournment of that trial date in order to ensure that Small would be tried together with those co-defendants, trial ultimately proceeded without Small. Small and Shulse are charged only with the counts involving the Black Elk Bond Scheme—Counts Six through Eight of the indictment. Requiring the government now to call multiple out-of-state witnesses at three separate trials, and the Court to preside over three separate trials of the same scheme, would be unduly burdensome. Accordingly, and because the government maintains, as it has argued in prior briefing and at oral argument, that Small's and Shulse's defenses are not so antagonistic as to warrant their

severance from one another,[1] the government respectfully submits that Small and Shulse should be tried together.

>Respectfully submitted,
>
>RICHARD P. DONOGHUE
>United States Attorney
>
>By: /s/
>Alicyn L. Cooley
>David C. Pitluck
>Lauren H. Elbert
>Patrick T. Hein
>Assistant U.S. Attorneys
>(718) 254-6389/6108/7577/6284

cc: Clerk of the Court (BMC) (by ECF)
Defense counsel (by ECF)

---

[1] The facts also support trying Small and Shulse together, irrespective of the defense's previously advanced arguments against trying Shulse together with all of his Platinum-employed co-defendants. Unlike Nordlicht and Levy, Small was on Black Elk's board of managers and he and Shulse were generally on the same emails and communications with Black Elk's counsel and other Black Elk management throughout the charged scheme.