UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
    UNITED STATES OF AMERICA,

                 - against –

    DANIEL SMALL,

                  Defendants.
------------------------------------------------------------ X

**ORDER**

16-cr-00640 (BMC)

**COGAN**, District Judge.

    1.    Defendant Daniel Small has filed a motion *in limine* to preclude evidence regarding five different topics and introduce evidence with respect to one topic. The Government has also filed a motion *in limine*, this one to preclude evidence regarding five different topics. This order assumes familiarity with the facts and with the parties' arguments.

    2.    Mr. Small's motion to preclude evidence relating to the alleged fraudulent investment scheme is denied. Mr. Small claims that introducing evidence related to the fraudulent investment scheme against him would be unduly prejudicial. The Government "has no intention of offering evidence in support of the [Fraudulent Investment Scheme]." However, the state of Platinum and Black Elk's finances and the former firm's search for cash could show motive for the commission of the alleged crime. The Court directs the Government to limit its proof of those facts, as it is not going to allow a re-trial or a mini-trial of the Fraudulent Investment Scheme. To the extent Mr. Small believes that specific evidence gives rise to prejudice that cannot be obviated with a limiting instruction, he may object to the introduction of that evidence at trial.

3. Evidence concerning Mr. Small's understanding of the Trust Indenture Act ("TIA") and its application is admissible to show his state of mind and intent. However, to ensure the jury does not think Mr. Small is charged with violating that statute, the following jury instruction will accompany any evidence related to the TIA: "I instruct you as a matter of law that the TIA does not apply to this case and Mr. Small is not charged with violating it. The Government contends that if Mr. Small thought the TIA might apply, even if he was mistaken, and took action that he believed violated it, this would show his intent to deceive others. Mr. Small contends that no such inference can be drawn. It's going to be up to you to decide whether it is appropriate to draw such an inference. And remember that the Government always has the burden of proof."

4. Because the issue here is Mr. Small's state of mind and not whether the TIA applied to him, the Government's motion to exclude evidence as to the applicability of the TIA is granted. Mr. Small may, however, introduce evidence relating to the TIA if it shows his state of mind rather than just the applicability of the TIA.

5. Mr. Small's motion to preclude the Government from arguing that the Black Elk bonds held by PPCO and PPLO were part of the alleged fraud is denied. The Government need not show PPCO and PPLO's votes were counted. Rather, the Government only needs to show that Mr. Small and his co-conspirators shifted bonds to several entities they controlled, tried to pass those entities off as outside their control, and then had at least some of those bonds vote as part of a wider scheme to control the outcome of the vote on the indenture amendment. Evidence regarding the bonds held by PPCO and PPLO speaks to Mr. Small's intent.

6. Mr. Small's motion to preclude the Government from introducing evidence relating to Black Elk's non-payments to its vendors is denied. The non-payment of Black Elk's

creditors is admissible considering the Government's argument that Black Elk's inability to pay its creditors motivated Mr. Small and his coconspirators to loot Black Elk of its assets as quickly as possible for the benefit of Platinum. However, this evidence will be accompanied by a limiting instruction that the non-payment of creditors is not a crime, and that executives frequently must decide which creditors to pay and which will have to wait.

7. The Government is not precluded from presenting evidence concerning Mr. Small's violation of Texas Business Organization Code § 101.206 for the same reason that evidence concerning the TIA will be admitted. However, the limiting instruction the Court gave in the last case will be modified and the term "Fraudulent Transfer Act" will be replaced with the section's legal title – the "Prohibited Distribution Provision." As suggested in the preceding paragraph, the Court will make it clear that the violation of this provision is not a crime and Mr. Small is not charged with violating it.

8. Mr. Small's motion to admit the prior in-court statements by Naftali Manela is denied. A Government witness's prior statements are not the statements of a party opponent admissible under any part of Fed. R. Evid. 801(d)(2). See Wright, Miller & Graham, Federal Practice and Procedure: Evidence § 6715 (1992); United States v. Cuevas Pimentel, 815 F. Supp. 81, 84 (D. Conn. 1993). This is impeachment material or material to which the witness can testify, but not material that can be admitted without his testimony at trial.

9. To the extent that Mr. Small did not know about Mr. Manela's statements regarding the "concept of Beechwood's non-affiliate status," if he is able to produce Manela, this evidence is admissible. It speaks to Platinum's control over Beechwood and its ability to commit the fraud. A part of this case is the formal and informal control Platinum exerted over Beechwood and Beechwood's status as a buyer and voter of Black Elk Bonds.

10.     The statements made by Beechwood's principals, Mark Feuer and Scott Taylor, during their deposition in a civil case in the Southern District of New York is precluded unless Mr. Small demonstrates that these witnesses are unavailable. If Mr. Small can make this showing, these statements are admissible under the residual exception to the hearsay rule because the statements would then be more probative on the point for which they were being offered than any other evidence that the proponent could obtain through reasonable efforts. See Fed. R. Evid. 807. These statements were made under oath in a video deposition and are of a trustworthy nature given that the plaintiff in that case had a similar motive to extract inculpatory information from them.

11.     The Court will adhere to its prior ruling on the BakerHostetler Litigation Memo. The memo itself cannot come in unless an individual who wrote it is testifying to its contents. Because Mr. Small has suggested that John Hoffman, a direct recipient of the memo, and two BakerHostetler attorneys involved in the memo's drafting – Francis and Kristiansen – may be testifying, the memo will be admissible with this foundation.

12.     The outcome of the 2019 trial and the Court's original Rule 29 and 33 decisions are excluded as irrelevant and because they would cause the jury to become confused. See Fed. R. Evid. 403.

**SO ORDERED.**

Digitally signed by
Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       July 6, 2022